# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

Ellen M. McDowell
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544        Attorneys for the Debtor
Telecopier: (856) 482-5511

In re:                           Case No.: 18-29983 (ABA)

    **CASSANDRA L. BANKO,**      Chapter 11

    Debtor

# SECOND MODIFIED PLAN OF REORGANIZATION
# (AFTER CONFIRMATION)

Debtor Cassandra L. Banko respectfully submits this Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

                                *s/Cassandra L. Banko*
                                Cassandra L. Banko

DATED: November 3, 2020

# TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . . . . . . . . . . 1
    A. General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B. Definitions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    C. Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        1. Administrative Expenses and Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        2. Priority Tax Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    D. Classified Claims and Interests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        1. Classes of Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        2. Priority Non-Tax Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        3. Class of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        4. Class of Equity Interest Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    E. Acceptance or Rejection of Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    F. Means of Effectuating the Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        1. Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        2. Post-Confirmation Management. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        3. Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. TREATMENT OF MISCELLANEOUS ITEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    A. Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        1. Assumptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        2. Rejections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    B. Changes in Rates Subject to Regulatory Commission Approval . . . . . . . . . . . . 12
    C. Retention of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    D. Procedures for Resolving Contested Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    E. Notices Under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV. EFFECT OF CONFIRMATION OF PLAN. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    A. Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    B. Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    C. Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    D. Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    E. Post-Confirmation Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# I.

# INTRODUCTION

Cassandra L. Banko ("Debtor") is the debtor in a Chapter 11 bankruptcy case. On October 8, 2018, Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 plan ("Plan") proposed by Cassandra L. Banko ("Proponent" or the "Debtor"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by using her post-confirmation income including Social Security Disability and rental income. The Effective Date of the proposed Plan is the day the Confirmation Order becomes final.

**This is the Debtor's Second Modified Plan, being submitted after the First Modified Plan was confirmed. The Debtor was unable to consummate the First Modified Plan because of a setback with her rental property (the tenant moved out with no notice and left the property in disrepair).**

**The Debtor is submitting this Second Modified Plan for the sole purpose of modifying the treatment of the lender that holds a lien against the rental property since she has fallen behind with her payments due to the problem with the former tenant.**

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.   **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

B.   **Definitions**

**Scope of Definitions.**   For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.  In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in

connection with the proposal and confirmation of this Plan.

2. **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for fling proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claims has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any

reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Cassandra L. Banko is the Debtor.

10. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of the Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18. **Debtor** shall mean Cassandra L. Banko.

19. **Disbursing Agent** shall mean the Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21. **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

22. **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23. **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

24. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claiL.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33. **Professional Person** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35. **Proponent** means Debtor Cassandra L. Banko.

36. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38. **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

39. **Other Definitions,** a term used and not defined herein by that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to

any particular section, subsection, or clause contained in the Plan. Moreover, some terms defined herein are defined in the section in which they are used.

**C.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

1.    **Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

8

2.  **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding five years from the Petition Date.

D.  **Classified Claims and Interests**

1.  **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDER | IMPAIRED | TREATMENT |
|---|---|---|---|---|
| 1 | Select Portfolio Servicing, Inc. - mortgage on primary residence | N | Impaired - claim in this class is entitled to vote on the Plan | Loan arrears to be paid over eight years on a monthly basis along with regular monthly payment commencing on Effective Date |

| | | | | |
|---|---|---|---|---|
| 2 | Specialized Loan Servicing, LLC - lien on rental property at 8801 Hawthorn Ave., Glenside, PA | N | Impaired - claim in this class is entitled to vote on the Plan | Reduce principal balance to appraised value of $910,000; amortize over 30 years at interest rate of 4.5%; monthly payments of $4,610.84 commence on **February 1, 2021** |
| 3 | Capitol One Auto Finance | N | Impaired - claim in this class is entitled to vote on the Plan | No distribution - vehicle was surrendered |

2.  **Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6) and (7) are entitled to priority treatment. These claims are to be treated as follows:

**Not applicable.**

3.  **Classes of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). These claims are to be treated as follows:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 4 | General unsecured claims<br>• Total amt of claims= $322,483.00 | Impaired - claims in this class are entitled to vote on the Plan | Pymt interval = monthly<br>•Pymt amt/interval= $200/mo<br>•Begin date = Effective Date<br>•End date = 95 months after Effective Date<br>•Interest rate = 0<br>•Total payout = $19,200 |

4. **Class of Equity Interest Holders**

The member of this class will be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|
| 5 | Equity Interest | Not impaired - claims in this class are not entitled to vote on the Plan, class is deemed to have accepted the Plan | retain interest |

E. **Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

11

F. **Means of Effectuating the Plan**

1. **Funding for the Plan**

The Plan will be funded by the post-confirmation income of the Debtor consisting of rent, adoption income and disability insurance payments.

2. **Post-Confirmation Management**

The Debtor will continue to manage her property and earnings post-confirmation.

3. **Disbursing Agent**

Cassandra L. Banko ("Disbursing Agent") shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

A.  **Executory Contracts and Unexpired Leases**

    1.  **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan: **N/A**

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

    2.  **Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS N/A**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

13

B. **Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of its rates.

C. **Retention of Jurisdiction**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code.  If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

D. **Procedures for Resolving Contested Claims**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the reorganized debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order.  With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claiL.

E. **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by

14

registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

> Cassandra L. Banko
> 304 Essex Avenue
> Margate, NJ 08402

with a copy to:

> Ellen M. McDowell, Esquire
> McDowell Law, PC
> 46 West Main Street
> Maple Shade, NJ 08052

## IV.

## EFFECT OF CONFIRMATION OF PLAN

A.  **Discharge**

This Plan provides that upon completion of all payments due under the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11 U.S.C. § 1141. However, any liability imposed by the Plan will <u>not</u> be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or his estate or any other persons, or to prejudice in any manner the rights of the Debtor or his estate or any other person in any further proceeding involving the Debtor or his estate. The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

B.  **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the

Plan, the Confirmation revests all of the property of the estate in the Debtor.

C. **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or revoting on the Plan if the Plan Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modification after notice and a hearing.

D. **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under section 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

E. **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

Date: November 3, 2020                    s/*Cassandra L. Banko*
                                          Cassandra L. Banko