**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Ellen M. McDowell**
**McDowell Law, PC**
**46 W. Main Street**
**Maple Shade, NJ 08052**
**Telephone: (856) 482-5544**           Attorneys for the Debtor
**Telecopier: (856) 482-5511**
------------------------------------------------------- x
                                                        :
In re:                                                  :   Case No.: 18-29983 (ABA)
                                                        :
    **CASSANDRA L. BANKO,**                       :   Chapter 11
                                                        :
        Debtor                                       :
                                                        :
------------------------------------------------------- x

**CERTIFICATION OF CASSANDRA LYNN BANKO PURSUANT TO**
**SECTION 1129 OF THE BANKRUPTCY CODE**

    Cassandra Lynn Banko, of full age, hereby certifies as follows in support of confirmation of her Third Modified Plan of Reorganization:

    1.    I am the Debtor in this matter.

    2.    I make this Certification in support of my request that the Third Modified Plan of Reorganization filed by me (the "Plan") be confirmed.

    3.    As the Court may recall, my financial difficulties stem from certain health issues I suffered which caused me to lose my ability to work for a long period of time, as well as damages to my home from Hurricane Sandy.

    4.    I filed a Plan of Reorganization that was confirmed on November 4, 2019.

    5.    Almost immediately after the confirmation hearing my tenant in Glenside, PA moved out and left the home in severe disrepair. I had relied on the rental income from that property to help

me make my plan payments. With the tenant's default, not only was I unable to make the payments projected in the original plan, but I was left with significant unanticipated expenses in the form of repair bills as well as utility bills that the tenant should have paid.

6. It took me some time to make the required repairs, and in the meantime I tried to find another tenant, but was unable to find one willing to pay enough rent to cover my expenses.

7. As a result of this unfortunate development, I decided that I cannot keep the Glenside property. Accordingly, I filed the Modified Plan to abandon it.

8. Fortunately, since losing the tenant I have been able to increase my own earning through my consulting work such that I can easily make up for the shortfall in revenue caused by the tenant's departure.

9. As such, the Plan has been filed in good faith and in a good faith belief that it complies with all applicable provisions of title 11 in accordance with 11 U.S.C. § 1129(a)(1).

10. I have not violated any provision of the Code in the negotiation and solicitation of acceptances of the Plan, as I did not solicit acceptances until a Disclosure Statement was approved by the Court in accordance with 11 U.S.C. § 1129(a)(2).

11. The Plan has been proposed by me in good faith and not by any means forbidden by law in accordance with § 1129(a)(3).

12. Any administrative claims, other than those allowed by law, including legal fees will only be paid after court approval in accordance with § 1129(a)(4). No payment has been made by me to any party rendering services to me in connection with the case other than as approved by the Bankruptcy Court. I have made an agreement with my attorneys, McDowell Law, PC, to pay their approved fees over time and not in full on the Effective Date.

13. There are no governmental licensures or approvals required for the Plan to become

effective and be substantially consummated.

14. With respect to impaired classes of claims under the Plan the class of unsecured creditors has accepted the treatment proposed by the Plan and three creditors have cast ballots of acceptance as evidenced by the Report of Plan Voting filed with the Bankruptcy Court in accordance with 11 U.S.C. § 1129(a)(7).

15. The unsecured creditors will receive 5.95% of their Allowed Claims under the Plan.

16. Under the Plan unsecured creditors will receive more than they would in a liquidation as in a Chapter 7 liquidation it is estimated that creditors would receive $0 and under this Plan of Reorganization they will receive $19,200.

17. I have reviewed the projections attached to the Plan and find them to be reasonable, achievable and realistic in light of my performance in this Chapter 11 case thus far. The Plan is feasible and not likely to be followed by subsequent liquidation of my estate.

18. As a result of the foregoing, I respectfully request that this Court enter an Order confirming the Plan.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:   January 23, 2021                                         *s/Cassandra Lynn Banko*
                                                                 Cassandra Lynn Banko